East Providence Construction Co.
vs.
Amelia Frances Simon et al.

Eq. No. 11165.

June 16, 1933.

CHURCHILL, J. Heard on bill, cross bill, answers and proof.

At the close of the hearing the Court found that the transfer by Francis Simon to his infant wife on May 28, 1928, was fraudulent, being made with intent to hinder and delay his creditors, but reserved the question of priority between the Newell Coal & Lumber Company and the East Providence Construction Company.

In May 1928, Francis Simon applied to the Newell Coal & Lumber Company for a construction loan wherewith to finance the construction of a house on the premises in question and agreed orally to cause a mortgage to be given to secure the loan, stating at the time that he was about to transfer the property to his wife and that she would execute the mortgage.

On May 29th Amelia F. Simon, an infant at the time, executed an application to the Newell Coal & Lumber Company for a loan in the amount of $7500, and at the same time both Francis and Amelia Simon executed and delivered a note to the Newell Coal & Lumber Company for $7500 and a mortgage on the premises for $10,000, to secure the note. This mortgage was recorded May 31, 1928. On May 29, 1928, both Francis and Amelia Simon executed a contract with the East Providence Construction Company providing for certain work on the proposed building, the Construction Company to be paid $2500. This contract nowhere provided for any security on the part of Francis and Amelia Simon.

It is undisputed that the amount of the construction loan was advanced by the Newell Coal & Lumber Company and that the work was done by the East Providence Construction Company, as provided in the contract. No lien proceedings were ever begun by the latter company.

The transfer to Amelia F. Simon having been found to be fraudulent and within the statute in relation to fraudulent conveyances (Ch. 297, Sec. 1, Gen. Laws 1923), such transfer to Amelia F. Simon was void.

> *Beckwith* vs. *Burrough*, 14 R. I. 366.

> *Monks* vs. *Deslandes*, 38 R. I. 2.

The effect of the Court's finding is, therefore, to put the title back in Francis Simon as of May 28, 1928, unaffected by the transfer.

On May 29th, with the title so in him, he executed a note and mortgage on the property to the Newell Coal & Lumber Company. An inspection of the mortgage shows that in that instrument he did more than merely release his courtesy interest. It is his own mortgage, as shown by all the

clauses of the instrument. Treating it as such, it created a valid prior lien on the property involved.

If it be assumed that the mortgage failed as a perfect mortgage on his part, it is clear from the evidence that he and the Newell Coal & Lumber Company bargained for a loan with the land in question treated as security for the loan, and that the loan was made on this basis. An equitable mortgage or lien was thereby created in favor of the Newell Coal & Lumber Company which has priority over the merely personal rights under the contract with the East Providence Construction Company.

The Newell Coal & Lumber Company is therefore entitled to priority for the amount of its advances.

3 Pom. Eq. Jur. 4th ed., Sec. 1234.

2 Pom. Eq. Jur. 4th ed., Sec. 685.

For East Providence Construction Co.: Everett D. Higgins.

For Newell Coal & Lumber Co.: Swan, Keeney & Smith.

For Amelia Frances Simon: Frank H. Bellin.